## ETOWAH LIGHT & POWER CO. v. YANCEY.

(Circuit Court, E. D. Tennessee. October 17, 1911.)

No. 1,632.

**1. WATERS AND WATER COURSES (§ 185*)—ELECTRIC LIGHT AND POWER COMPANY—INCORPORATION.**

Complainant was organized in Tennessee and chartered to erect a system of waterworks and an electric light plant to supply the inhabitants of E. and surrounding community with water, light, and electricity to operate various industries; the charter authorizing it to maintain a system of waterworks and electric lighting and ice plants. *Held*, that complainant was incorporated under Acts Tenn. 1909, p. 825, c. 245, providing for the organization of corporations to construct, operate, equip, and maintain waterworks and electric lighting and ice plants, and not under Acts Tenn. 1909, c. 127, p. 449, authorizing the incorporation of water and electric light, heat, and water power companies; and this, notwithstanding an attempt to insert in complainant's charter certain powers given to water, electric light, heat, and power companies.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. § 285; Dec. Dig. § 185.*]

**2. STATUTES (§ 259*)—APPLICATION—POPULATION—CENSUS—CERTIFICATE OF CENSUS SUPERVISOR.**

Acts Tenn. 1909, c. 245, providing for the incorporation of waterworks, electric lighting and ice plants, declares that it shall apply only to counties having a population of 20,920 and not exceeding 22,117, or a population of not less than 39,400 and not exceeding 39,450, according to the federal census of 1900 or any subsequent federal census. *Held* that, where a federal census was taken and under it the act became applicable to a particular county, such applicability could not be defeated by reason of the fact that the supervisor of the census had not sent a certificate of the population to the clerk of the county court; there being nothing in the act requiring such certificate as a condition of applicability.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 333, 340; Dec. Dig. § 259.*]

**3. CONSTITUTIONAL LAW (§ 205*)—CLASSIFICATION—POPULATION.**

Acts Tenn. 1909, c. 245, providing for incorporation of waterworks, electric lighting and ice plants, limits its application to persons, firms, partnerships, and chartered corporations in towns and cities having a population of not more than 5,000, in counties having a population of not less than 20,920 and not more than 22,117, or a population of not less than 39,400 and not exceeding 39,450, according to the census of 1900 or any subsequent census. *Held*, that such classification was entirely arbitrary, and that the act was therefore unconstitutional, as violating Const. Tenn. art. 11, § 8, requiring uniformity in the granting of individual rights, privileges, immunities, and exemptions.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 591–624; Dec. Dig. § 205.*]

**4. STATUTES (§ 80*)—LOCAL AND SPECIAL LAWS—VALIDITY—INCORPORATION.**

Such act was not general, but was a special law authorizing a certain kind of corporation only in counties having a population within narrow

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and arbitrary limits, and only authorizing charter to such a corporation to be organized in such counties by persons, partnerships, corporations, etc., within towns having a population of less than 5,000, and was therefore violative of Const. Tenn. art. 11, § 8, providing that no corporation shall be created by special laws, but that the General Assembly shall provide by general laws for the organization of all corporations.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 86–89; Dec. Dig. § 80.*]

5. STATUTES (§ 113*)—VALIDITY—TITLE.

Acts Tenn. 1909, c. 245, entitled "An act authorizing the issue of a charter for water works, electric lighting and ice plants, and water, ice and electric power systems, under one and the same charter of incorporation," was not invalid as violating Const. Tenn. art. 2, § 17, providing that no bill shall contain matter not expressed in its title, because by section 1 of the act chartered corporations may obtain a charter thereunder.

.[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 141–144; Dec. Dig. § 113.*]

In Equity. Suit by the Etowah Light & Power Company against John Yancey for the condemnation of certain water rights. On demurrer to petition. Sustained.

This suit was commenced in the Circuit Court of Monroe County, Tennessee, by a petition filed by the Etowah Water & Light Company, chartered and organized as a Tennessee corporation, against John Yancey, a citizen and resident of North Carolina. The petitioner alleged that under its charter, of which profert was made, it was authorized and empowered to erect a system of waterworks and also an electric light plant for the purpose of supplying the town of Etowah in McMinn County, Tenn., the inhabitants thereof, and the surrounding community, with water, light and electricity for running various industries, and that for the purpose of obtaining a sufficient amount of water power to generate electricity sufficient to supply the needs of the town of Etowah, its inhabitants and the surrounding community, it would be necessary for the petitioner to acquire water rights and water privileges over and upon certain lands in Monroe County, Tenn., owned by the defendant, and to that end prayed that the same might be condemned and the petitioner granted the right to go upon the defendant's lands and use so much of the water from the creeks flowing over said lands as might be necessary for such purposes. On a petition filed by the defendant showing the necessary jurisdictional amount, the Circuit Court of Monroe County, Tenn., ordered the removal of the suit to the Circuit Court of the United States. A copy of the record having been filed therein, and the defendant having craved oyer of the defendant's charter and the same having been produced, the defendant thereupon filed a demurrer to the petition upon various grounds.

McCroskey & Peace, of Madisonville, for plaintiff.
Cornick, Frantz & McConnell, of Knoxville, for defendant.

SANFORD, District Judge. [1] 1. It is clear that the complainant is organized as a corporation under chapter 245 of the Tennessee Acts of 1909, p. 825, and not under chapter 127 of the Tennessee Acts of 1909, p. 449.

Chapter 245 provides for a charter of incorporation "for the purpose of constructing, putting in operation, equipping, and maintaining a system of waterworks and electric lighting plant and ice plant under one and the same charter," etc. (section 1). Chapter 127 provides for the incorporation of "water and electric light, heat and wa-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ter power companies" (section 1), and provides for a form of charter setting out in detail the purposes of the company. The charter of the petitioner does not purport to set out its corporate purposes as provided in said chapter 127, and contains no reference to heating and water power, which are two of the purposes provided for in chapter 127. On the contrary it does state the purpose to be to maintain a system of waterworks and electric lighting and ice plants, which are the specified corporate purposes under chapter 245; and in stating its corporate purposes, it sets out in substantially the very words of the Act the corporate purposes provided for by chapter 245. In short it is entirely plain that it is organized as a waterworks, electric lighting and ice company under chapter 245, and not as a water, electric light, heat and water power company under chapter 127.

The fact that there has been an attempt to insert in the charter of this waterworks, electric light and ice company certain powers given to water, electric light, heat and water power companies under chapter 127 obviously cannot change the result. The test is not the powers which the applicants have assumed to take in the charter, but the corporate purpose, that is, whether its corporate purposes are those provided for by chapter 245 or those provided for by chapter 127. It is entirely clear to my mind, as stated, that the corporate purposes are those provided for by chapter 245 and not those provided for by chapter 127, and that the validity of its charter must depend upon the validity of chapter 245 of the Acts of 1909.

[2] 2. The first ground of demurrer is that section 245 of the Acts of 1909, which is local and qualified upon its face, did not apply to McMinn County, Tenn., at the time of its passage or at the time the petitioner was organized in McMinn County. Section 2 of this Act provides that it shall apply only to counties having a population of not less than 20,920 and not exceeding 22,117, or a population of not less than 39,400 and not exceeding 39,450, according to the federal census of 1900 or any subsequent federal census. At the time of its passage it applied under the census of 1900 only to Lauderdale, Sevier and Gibson Counties and did not apply to McMinn County. The demurrant insists that it did not apply to McMinn County under the federal census of 1910 when the petitioner was incorporated because the fact that McMinn County, under the federal census of 1910, had a population of 21,046 so as to bring it within the Act had not then been certified by the director of the federal census to the clerk of the county court. I do not think this ground of demurrer is well taken. If in fact the federal census had been taken and under that census the provisions of the Act had become applicable to McMinn County, such applicability cannot be defeated by reason ·of the fact that the supervisor of the census had not sent a certificate of the population to the clerk of the county court, there being nothing in the Act requiring such certificate as a condition of applicability.

[3] 3. The second ground of demurrer is that chapter 245 of the Acts of 1909 under which petitioner attempted to be organized, is unconstitutional, null and void. The first ground of unconstitution-

ality relied on is that this Act violates article 11, § 8, of the Tennessee Constitution in attempting to grant certain individuals rights, privileges and immunities not granted to other members of the community, and conferring extraordinary benefits upon an arbitrary class. This objection is, in my opinion, well taken. This Act, which is of a somewhat extraordinary character and very inartificially phrased, purports to confer upon all persons, firms, partnerships, copartnerships and chartered corporations within towns, cities and villages in the State of a population of not more than 5,000 inhabitants according to any federal census, the right to take out a charter of incorporation for a waterworks, electric light and ice plant under the same charter, provided these provisions shall only apply to counties having a population between the two narrow limits above stated. This Act contains two apparent limitations upon the organization of such waterworks, electric light and ice companies: first, that the applicants must be persons, firms, partnerships, copartnerships or chartered corporations within towns, cities or villages having a population of not more than 5,000 according to the federal census; and, second, that the corporation itself can only be incorporated within counties of the limited populations above set forth. I am unable to avoid the conclusion that as a matter of sound construction the right to form such corporations is limited to persons, partnerships, corporations, etc., within towns of the population above stated, with the further limitation that the provisions of the Act apply only within counties having the narrow limits of population above set forth. I am further unable to avoid the conclusion that such a classification is entirely arbitrary, and that this legislation, in so far as it grants the right of forming such corporations only to persons within towns not exceeding the population specified and lying within counties within the narrow limits of population specified, is in violation of the first clause of article 11, § 8, of the Constitution of Tennessee, which provides that the Legislature shall have no power to pass any law granting to any individuals rights, privileges, immunities or exemptions other than such as may be by the same law extended to any member of the community who may be able to bring themselves within the provisions of such law. While citizens may be classified under this article, such classification must be natural and not arbitrary or capricious. In an elaborate review of the Tennessee cases arising under this provision of the Constitution made by the learned special Judge Baxter in Stratton Claimants v. The Morris Claimants, 89 Tenn. 497, 524, 15 S. W. 87, 12 L. R. A. 70, it was stated that none of the legislative classifications of citizens which have been sustained by the Supreme Court of Tennessee were arbitrary in character, but that every one of them were made either for purposes of taxation, for police purposes, for the necessary protection of the particular class, or for the release of a class from some particular obligation or liability. No ground for the classification made under this Act appears to the court. No reason is even suggested in argument why persons, partnerships, etc., in towns of this size, in counties of this particular size, should have the right to form a corporation for waterworks and

electric light and gas plants under one charter, which is not conferred upon persons, partnerships, etc., in other towns and in the other counties of the State. The classification appears to be entirely arbitrary. For that reason it must be held that this Act violates the first clause of article 11, § 8, of the Constitution of Tennessee, and is hence unconstitutional and void.

[4] A further ground of objection urged is that it violates the last clause of said article 11, § 8, of the Tennessee Constitution, which provides that no corporation shall be created by special laws, but the General Assembly shall provide by general laws for the organization of all corporations. I am constrained to hold that chapter 245 of the Act of 1909 is not a general law; that it was intended by this provision of the Constitution that corporations should only be organized under general laws which should be applicable throughout the State, or at least in all portions of the State similarly situated, and that a law which on its face authorizes a certain kind of corporation only in counties having a population within two narrow and arbitrary limits, and only permits the charter for such corporations to be obtained in such counties by persons, partnerships, corporations, etc., within towns having a population of less than ·5,000, is not a general law for the organization of corporations within the meaning of the Constitution; and that for this reason also chapter 245 of the Acts of 1909 must be held unconstitutional and void.

[5] 4. The third ground of objection urged is that this Act is void because violative of article 2, § 17, of the Constitution, providing that no bill shall become a law which expresses more than one subject, that subject to be expressed in the title. The argument is that the provision in section 1 of the Act that chartered corporations may obtain a charter of incorporation is not expressed in the title. This objection is, however, in my opinion, not well taken. The caption of the Act recites that it is an Act "authorizing the issue of charter for waterworks, ice plants, electric lighting plants and water, ice and electric power plants or system under one and the same charter of incorporation." The caption does not indicate that the right of such incorporation is limited to individuals, and however anomalous the provision may be allowing one corporation to take out a charter for another corporation, I do not think it can be justly held that this anomalous provision extended beyond the broad language used in the caption, which shows that it relates to the incorporation of corporations for the purposes indicated, without attempting to define or restrict the persons or corporations who may obtain such incorporation under the Act.

5. The third ground of demurrer relates to the alleged invalidity of chapter 127 of the Acts of 1909, as including more than one subject of legislation. It is, however, unnecessary in my opinion, to pass upon this question, since I think it clear that the petitioner is not organized under chapter 127, and being organized under an Act which is unconstitutional and void, it cannot acquire the right of condemnation because the applicants have inserted in their charter a provision for eminent domain applicable under chapter 127 of the

Acts of 1909 only to the companies organized under that Act for different purposes from those of the petitioner.

6. For the same reason it is unnecessary to pass upon the fourth ground of demurrer relating to the question as to whether if chapter 245 of the Acts of 1909 were valid, the petitioner, under the peculiar phraseology of that Act, would have the right to condemn property in another county than that in which it was incorporated.

7. For like reasons it is unnecessary to pass upon the fifth ground of demurrer as to whether the petition sufficiently describes the land, a portion of which is wanted, and the extent to which the same is wanted or the purpose for which it is wanted under the general provisions of law applicable to condemnation proceedings, although it may be said, in passing, that if the Act under which the petitioner was incorporated were valid and it otherwise had the power of eminent domain, it is probable that this objection should have been taken by a motion for a more specific statement of the cause of action rather than by demurrer, under the provisions of sections 2884–2885 of the Code of Tennessee (Shan. §§ 4605, 4606).

8. For the reasons above stated an order will be entered sustaining the demurrer and dismissing the petition at the costs of petitioner.